**SIXTY–EIGHT LIQUORS, INC., Appellant,**

v.

**Randy COLVIN Individually and as Administrator of the Estate of Philip Matthew Colvin, Appellee.**

and

**Randy Colvin Individually, et al., Appellant,**

v.

**Sixty–Eight Liquors, Appellant.**

No. 2001–SC–0830–DG, 2001–SC–0831–DG.

Supreme Court of Kentucky.

Oct. 23, 2003.

Sam E. Isaacs, Isaacs & Associates, Lexington, Robert M. Spragens, Spragens, Smith & Higdon, PSC, Lebanon, Counsel for Sixty–Eight Liquors, Inc.

Michael L. Harris, Harris & Harris, PSC, Columbia, Counsel for Colvin Estate.

LAMBERT, Chief Justice.

This Court granted discretionary review of the opinion of the Court of Appeals reversing the final judgment of the Marion Circuit Court. The circuit court dismissed the claim of the estate of Philip Matthew Colvin ("Colvin") and his surviving parents, Randy and Vivian Colvin, against Sixty–Eight Liquors, and it also dismissed the counterclaim for indemnity brought by Sixty–Eight Liquors against the Colvin estate.

The complaint alleged that Sixty–Eight Liquors was responsible for the death and injuries of Colvin because it sold alcoholic beverages to the sixteen-year-old minor. Following dismissal and Colvin's appeal to the Court of Appeals, Sixty–Eight Liquors filed a cross appeal to preserve its counterclaim for indemnity in the event the complaint of the Colvin Estate was reinstated. The Court of Appeals reversed and reinstated Colvin's claim against Sixty–Eight Liquors for Colvin's injuries and death, and the Court of Appeals also held that Sixty–Eight Liquor's would be entitled to Indemnity from Colvin's estate for any liability it might have to third parties. The Court of Appeals denied Sixty–Eight Liquors' claim for indemnity for sums it might be adjudged liable to the Colvin Estate.

Colvin, age sixteen, the sole occupant of his motor vehicle, collided with another motor vehicle occupied by four other young men. Colvin and all four occupants of the other vehicle were killed in the collision. From the evidence developed in discovery, it appears that Colvin had purchased beer from Sixty–Eight Liquors on the evening of the accident. In addition, all parties involved in the collision had allegedly frequented a Marion County nightspot where they bought and consumed alcoholic beverages.

Numerous claims arose in multiple civil proceedings in the Marion Circuit Court. All claims were consolidated and all but the Colvin claims were settled or dismissed, including certain wrongful death, underinsured motorist claims, and claims of the Hamilton Mutual Insurance Company.

The following questions are before this Court: (1) whether Sixty–Eight Liquors, a licensed establishment that made an unlawful sale of alcoholic beverages to a minor, may be held liable for that minor's death under KRS 413.241, if it is proven that his resultant intoxication was a substantial causative factor; and (2) whether Sixty–Eight Liquors is entitled to indemnity from Colvin's estate for liability it incurs to third parties as a result of Colvin's intoxication.

At issue is whether KRS 413.241(1) defeats the dram shop claim of a minor who unlawfully purchases and consumes alcoholic beverages because section (1) of the statute declares consumption to be the proximate cause of the injuries. Both parties, Colvin and Sixty–Eight Liquors, contend that KRS 413.241 supports their respective positions.

In 1988, The Kentucky General Assembly enacted KRS 413.241 [1] as follows:

(1) The General Assembly finds and declares that the consumption of intoxicating beverages, rather than the serving, furnishing, or sale of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or another person.

(2) Any other law to the contrary notwithstanding, no person holding a permit under KRS 243.030, 243.040, 243.050, nor any agent, servant, or employee of the person, who sells or serves intoxicating beverages to a person over the age for the lawful purchase thereof, shall be liable *to that person* or to *any other person* or *to the estate*, successors, or survivors of either for any injury suffered off the premises including but not limited to wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served, unless a reasonable person under the same or similar circumstances should know that the person served is already intoxicated at the time of serving.

(3) The intoxicated person shall be primarily liable with respect to injuries suffered by third persons.

(4) The limitation of liability provided by this section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.

(5) This section shall not apply to civil actions filed prior to July 15, 1988.

The trial court held, pursuant to KRS 413.241(1), that Colvin's claim should be dismissed because his consumption of alcohol constituted the proximate cause of the accident. The Court of Appeals took a broader view and sought to harmonize all sections of the statute applying the rule of statutory construction that "where there is apparent conflict between sections of a statute, courts must endeavor to harmonize its interpretation so as to give effect to both." [2] In addition, the Court of Appeals followed the view that "[i]n so doing, the reviewing court must attempt to construe the statute in such a manner that 'no part of it is meaningless or ineffectual.'" [3] The Court of Appeals held, and we agree, that to properly construe the statute, thereby applying it in its entirety, an analysis of the remainder is also essential.

---

**1.** 1988 Ky. Act, ch. 434, § 1(emphasis added).

**2.** *Combs v. Hubb Coal Corp.*, Ky., 934 S.W.2d 250, 252 (1996).

**3.** *Id.* (Citation omitted.)

Section (2) provides, in part, that "... no person holding a permit ..., who sells or serves intoxicating beverages to a person over the age for the lawful purchase thereof, shall be liable to that person or to any other person ...." Sixty–Eight Liquors contends that the language of section (2) deals exclusively with the sale of alcoholic beverages to adults and is thus "unnecessary and gratuitous" here because proximate cause is assigned "to that person." Thus, based upon its interpretation, a dram shop's liability is eliminated by legislative assignment of proximate cause to Colvin.

To support its argument, Sixty–Eight Liquors focuses on amendments to House Bill 570, incorporating qualifying language in section (2), reinstating the holding of *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc., v. Claywell.*[4] It relies on the *Grayson* language "wrongful conduct, in order to be actionable, must be considered to have been the cause in fact and the proximate cause of a resultant injury." The survival of the "to that person" language of section (2), Sixty–Eight argues, should not be read as modifying or superseding the legislative assignment of proximate cause to the intoxicated party. For support, it argues that section (2) applies only to intoxicated adults and does not mention the sale to or claims involving a minor.

Sixty–Eight argues alternatively that, if the words "to that person" in section (2) do apply to make a dram shop liable, then such liability would only accrue for injuries to an intoxicated adult. It is insisted that before a minor who is unlawfully served and injured could recover civil damages, the language of section (2) would have to expressly mention such recovery, which it does not. As such, it argues that section (2) does not apply, and that section (1) prevents the application of liability by assigning proximate cause to the intoxicated party.

In its entirety, section (2) reveals exceptions to the concept of consumption as the only proximate cause of injuries, contrary to a strict reading of section (1). In addition to the "over the age for the lawful purchase" qualification, section (2) also states that liability may arise when, "a reasonable person under the same or similar circumstances should know that the person served is already intoxicated at the time of serving." If the Legislature had intended section (1) to be as categorical as Sixty–Eight Liquors contends, "the age for the lawful purchase" provision of section (2) would be surplusage.

In *DeStock # 14, Inc. v. Logsdon*[5], this Court examined KRS 413.241 and held that while the application of section (1) declares that consumption, and not the sale or service by a dram shop or its employees, constitutes proximate cause, section (2) imputes liability to the dram shop for injuries to third parties if the dram shop's employees sold or served intoxicating beverages to a person when a reasonable person under the same or similar circumstances would know that he is already intoxicated. We held that the sale or service can be considered a substantial factor in the accident if the reasonable person test of section (2) is met. Moreover, supporting this view, section (3) creates a priority of liability by holding the consuming party primarily liable, and the dram shop secondarily liable with regard to indemnity.[6]

**4.** Ky., 736 S.W.2d 328 (1987)

**5.** Ky., 993 S.W.2d 952, 957 (1999)

**6.** *Id.*

Upon the plain language of KRS 413.241 and persuasive decisional law, we have no doubt that a minor has a valid claim against the dram shop that sells him alcohol thereby causing or contributing to his injuries. In *DeStock*, this Court examined the legislative history of KRS 413.241 and reasoned that the result should be the same whether the sale or service of alcohol is to a minor or to an intoxicated person.[7]

> In fact, sections (1) and (3) could never have been intended to completely immunize dram shops from liability; for even the original version of House Bill 570 did not purport to abrogate dram shop liability with respect to a sale or service to a minor. There is no reason to assume that the legislature intended one result with respect to a sale or service to a minor and a different result with respect to sale or service to an intoxicated person.[8]

Sixty–Eight Liquors interprets the above quotation from *DeStock* to mean that a dram shop is not liable to either an intoxicated person or to a minor because the General Assembly did not mean for them to be treated differently. We reject this contention. Section (2) imputes liability to a dram shop for the sale or service of alcohol to a minor. This is so because the statutory assignment of proximate cause requires that the purchaser be over the age for lawful purchase. If the purchase is lawful and a reasonable seller would not believe the purchaser to be intoxicated, the plain language of sections (1) and (2) relieves a dram shop of liability. A legal sale is required for a dram shop to be shielded from liability under KRS 413.241.

While this Court's most recent encounters with dram shop liability have occurred in *Grayson* and *DeStock*, these are not our only such encounters. In *Pike v. George*,[9] a case decided prior to any dram shop act in Kentucky, this Court relied on KRS 244.080 and KRS 446.070 to conclude that a dram shop may be held liable for injuries directly related to the sale of alcohol to a minor who subsequently becomes intoxicated. We noted that the sale to a minor was a violation of law and commented upon the policy of special protection for minors. Rejecting arguments not dissimilar to those made here, we said:

> [W]e are unwilling to say that there are no circumstances under which a licensee who sells alcoholic beverages [to a minor] may be held responsible in damages proximately resulting from the violation .... We hold that the complaint [alleging malicious sale to minors], for procedural purposes, states a claim sufficient under CR 8.01 .... [10]

Our examination of KRS 413.241 persuades that the public policy announced in *Pike v. George* has not been modified.

■ On the question of indemnity, KRS 413.241(3) grants a licensed establishment a right of indemnity even where it has sold intoxicating beverages to a minor who subsequently injures or kills others. The Court of Appeals, affirming the trial court, properly held that "Sixty–Eight Liquors clearly has a valid claim against Colvin for indemnity relative to claims made by an injured third person against Sixty Eight Liquors.[11]" The Court of Appeals was also correct in its conclusion that Sixty–Eight Liquors has no indemnity claim against the Colvin Estate for liability it may have

---

**7.** *Id.*

**8.** *Id.*

**9.** Ky., 434 S.W.2d 626 (1968).

**10.** Ky., 434 S.W.2d at 629 (citations omitted).

**11.** *DeStock*, 993 S.W.2d at 958.

to the Estate due to Colvin's injuries and death. The statute assigns primary and secondary liability only with respect to injuries suffered by third parties. It would be absurd to construe the statute in a manner that would allow a minor to have a valid claim under the circumstances presented here, yet also grant the dram shop the right of indemnity from the minor's estate on that claim.

For the foregoing reasons, we affirm the Court of Appeals.

All concur.