**ERVIN CABLE CONSTRUCTION, LLC, Appellant**

v.

**Bryan Kevin LAY, Appellee**

**NO. 2014-CA-001047-MR**

Court of Appeals of Kentucky.

RENDERED: APRIL 3, 2015; 10:00 A.M.

BRIEFS FOR APPELLANT: J. Dale Golden, Shaye Page Johnson, Anthony M. Pernice, Lexington, Kentucky

BRIEF FOR APPELLEE: Brad C. Freeman, Todd K. Childers, Corbin, Kentucky

BEFORE: CLAYTON, NICKELL, AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

Ervin Cable Construction, LLC appeals from the June 9, 2014, order of the Jackson Circuit Court denying its motion for summary judgment. For the following reasons, we vacate the trial court's order and direct the court on remand to enter an order granting summary judgment in favor of Ervin Cable.

 Ordinarily, a trial court's order denying summary judgment is not immediately reviewable on appeal since such an order is considered interlocutory. However, in this case Ervin Cable moved for summary judgment on grounds of absolute immunity, the denial of which is subject to immediate appeal since immunity is designed to free the possessor not only from liability, but also from the costs of defending an action. *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883 (Ky.2009). In other words, the denial of a substantial claim of immunity is an exception to the finality rule that interlocutory orders are not immediately appealable. *Id.* As a result, this court has jurisdiction to address Ervin Cable's claim that the trial court improperly denied its motion for summary judgment.

This case arises out of an accident that took place on September 11, 2012, in the parking lot of a gas station in Jackson County, Kentucky. Employees of Advanced Cable and Ervin Cable were fueling work trucks, loading the trucks with materials, and stocking up on food and cigarettes from the gas station in preparation for a day's work in a remote part of the county. Plaintiff Bryan Lay, an employee of Advanced Cable, was placing items into the rear of a truck when the truck began moving and struck him. Apparently, Lay was situated in the truck's blind spot. The truck was driven by an Ervin Cable employee. At the time, Ervin Cable and Advanced Cable were operating under a contractor/subcontractor agreement for this particular work project.

As a result of his injuries, Lay pursued a worker's compensation claim against his employer, Advanced Cable (the subcontractor), and successfully secured benefits. Lay then filed a civil action against Ervin Cable (the contractor), alleging negligence and seeking to recover monetary damages. Ervin Cable moved for summary judgment, based on the exclusive remedy provision of the Kentucky Workers' Compensation Act set forth in KRS[1] 342.690(1). Ervin Cable argued that pursuant to the statute, Lay's receipt of worker's compensation benefits from his immediate employer, Advanced Cable, was his sole avenue of recovery for his work-related injury. Accordingly, Ervin Cable maintained that it was entitled to "up-the-ladder" immunity from Lay's tort action. Following a hearing, the trial court summarily denied Ervin Cable's motion. Ervin Cable now appeals.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is therefore entitled to judgment as a matter of law. CR[2] 56.03. In other words, summary judgment may be granted when "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky.1991) (internal quotations omitted). Whether summary judgment is ap-

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

propriate is a legal question involving no factual findings, so an appellate court reviews the trial court's grant of summary judgment *de novo*. *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 370–71 (Ky. 2010).

"In Kentucky, 'up-the-ladder immunity' refers to a contractor's immunity from tort lawsuits where the plaintiff was injured at work and workers' compensation benefits are the plaintiff's exclusive remedy under KRS 342.690." *Beaver v. Oakley*, 279 S.W.3d 527, 528 n.1 (Ky.2009). In *Beaver*, the Kentucky Supreme Court addressed whether a construction project manager employed by a contractor was immune from tort liability, *i.e.*, entitled to up-the-ladder immunity, with respect to a personal injury suit filed by a subcontractor's employee who suffered a work-related injury. The Court held that the project manager did enjoy immunity and set forth the applicable law as follows:

> Under Kentucky law, unless a worker has expressly opted out of the workers' compensation system, the injured worker's recovery from the employer is limited to workers' compensation benefits. The injured worker is not entitled to tort damages from the employer or its employees for work-related injuries.[3] And, in this context, the term *employer* is construed broadly to cover not only the worker's direct employer but also a

contractor [4] utilizing the worker's direct employer as a subcontractor.[5]

*Id.* at 530.

In this case, the evidence shows that Ervin Cable and Advanced Cable were operating under a contractor/subcontractor arrangement for this particular project, and in fact had enjoyed such a relationship for years. Lay suffered an injury during the course and scope of his employment with Advanced Cable, and is receiving worker's compensation benefits from Advanced Cable for that injury. Lay raises an issue concerning whether Ervin Cable required Advanced Cable to provide worker's compensation insurance for this particular project pursuant to a written agreement, but regardless, the fact remains that Advanced Cable did provide such coverage and Lay is receiving benefits under its insurance policy. Moreover, a written agreement between Ervin Cable and Advanced Cable was not necessarily required since the facts clearly establish the existence of their contractor/subcontractor arrangement, as a practical matter. *See id.* at 532 (despite lack of a formal written contract between the contractor and subcontractor, as a practical matter the defendant contractor was functioning as such and therefore its employees were entitled to up-the-ladder immunity) (citing *United Eng'rs & Constructors, Inc. v. Branham*, 550 S.W.2d 540 (Ky.1977)).

---

**3.** KRS 342.690(1) provides, in pertinent part, that "[i]f an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee . . . on account of such injury or death." It also provides that "[t]he exemption from liability given an employer by this section shall also extend . . . to all employees . . . of such employer. . . ."

**4.** KRS 342.690(1) further states that "[f]or purposes of this section, the term 'employer'

shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation."

**5.** KRS 342.610(2) provides that "[a] person who contracts with another: . . . (b) [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person shall for the purposes of this section be deemed a contractor, and such other person a subcontractor."

At the hearing before the trial court, the parties acknowledged that Ervin Cable and Advanced Cable had a contractor/subcontractor relationship, and the record reveals as much. We fail to appreciate Lay's present claim to the contrary.[6] Based on the record and applicable law, Ervin Cable was entitled to up-the-ladder immunity from Lay's tort action pursuant to the exclusive remedy provision contained in KRS 342.690 and the trial court erred by holding otherwise.

For the foregoing reasons, the order of the Jackson Circuit Court is vacated and the trial court is directed on remand to enter an order granting summary judgment in Ervin Cable's favor.

ALL CONCUR.

---

6. Likewise, we do not appreciate Lay's assertion that his injury was not work-related. This assertion is clearly refuted by the record.