NICKELL, JUDGE:
This cause comes before the Court on Appellee Jonathan Drake's motion to dismiss the appeal. Having reviewed the record, and being otherwise sufficiently advised, IT IS HEREBY ORDERED that *199 the motion to dismiss shall be, and hereby is, GRANTED.
I. BACKGROUND
Appellee Jonathan Drake was injured in a single-person motor vehicle accident. Appellee contends Appellant Recbar, LLC negligently served him alcoholic beverages when it knew or should have known he was intoxicated, resulting in his injuries. Appellant moved for summary judgment under KRS [1] 413.241, Kentucky's Dram Shop Act, on the basis that the statute does not permit "first-party" claims against dram shops.
On March 1, 2019, the trial court entered an order denying Appellant's motion for summary judgment. The order provides: "[t]he Court finds there are genuine issues of material fact and that summary judgment is not appropriate." The order does not contain finality language under CR [2] 54.02. Appellant filed a "Notice of Interlocutory Appeal" on March 29, 2019. Appellee moved to dismiss the appeal.
II. ANALYSIS
"A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. Ordinarily, the denial of a motion for summary judgment is considered interlocutory and not appealable. Bell v. Harmon , 284 S.W.2d 812, 814 (Ky. 1955). In the absence of an exception to the general rule, this Court lacks jurisdiction over an interlocutory appeal. Wilson v. Russell , 162 S.W.3d 911, 913-14 (Ky. 2005).
Appellant asserts that a defense under KRS 413.241 is similar to "claims of governmental immunity or workers' compensation immunity," two circumstances in which it is recognized that an interlocutory appeal may be had. We disagree.
In Breathitt County Board of Education v. Prater , 292 S.W.3d 883 (Ky. 2009), Prater, a visitor to a residence owned by the county board of education ("Board"), brought an action when she was injured following the collapse of a structure at the residence. Prater asserted the Board was negligent in its maintenance of the residence. The Board filed a motion to dismiss the complaint "on the ground that it is absolutely immune from damages claims brought in court, as opposed to the Board of Claims." Id. at 885. The trial court denied the motion to dismiss. This Court concluded that it had jurisdiction to review the interlocutory order.
In agreeing that jurisdiction existed, the Supreme Court of Kentucky noted that "immunity entitles its possessor to be free 'from the burdens of defending the action, not merely ... from liability.' " Id. at 886 (quoting Rowan County v. Sloas , 201 S.W.3d 469, 474 (Ky. 2006) ). Therefore, "an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." Id. at 887.
Appellant relies on Ervin Cable Construction, LLC v. Lay , 461 S.W.3d 422 (Ky.App. 2015). Ervin Cable involved a workers' compensation claim against a subcontractor of Ervin Cable. Ervin Cable moved for summary judgment "on grounds of absolute immunity" under the "exclusive remedy provision" contained in KRS 342.690.[3] Id. at 423. This Court considered *200 an appeal from the trial court's order denying summary judgment to Ervin Cable, applying Prater to recognize an interlocutory appeal. Neither Prater nor Ervin Cable is applicable to the matter at large.
KRS 413.241 provides:
(1) The General Assembly finds and declares that the consumption of intoxicating beverages, rather than the serving, furnishing, or sale of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or another person.
(2) Any other law to the contrary notwithstanding, no person holding a permit under KRS Chapters 241 to 244, nor any agent, servant, or employee of the person, who sells or serves intoxicating beverages to a person over the age for the lawful purchase thereof, shall be liable to that person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises including but not limited to wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served, unless a reasonable person under the same or similar circumstances should know that the person served is already intoxicated at the time of serving.
(3) The intoxicated person shall be primarily liable with respect to injuries suffered by third persons.
(4) The limitation of liability provided by this section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
The statute specifies certain circumstances under which the dram shop owner "shall be liable" for injuries caused by the sale of intoxicating beverages. First, pursuant to KRS 413.241(2), a dram shop owner is liable if "a reasonable person under the same or similar circumstances should know that the person served is already intoxicated at the time of serving." Second, in Sixty-Eight Liquors, Inc. v. Colvin , 118 S.W.3d 171 (Ky. 2003), the Supreme Court of Kentucky recognized a first-party dram shop claim brought by a minor under the statute, holding: "[u]pon the plain language of KRS 413.241 and persuasive decisional law, we have no doubt that a minor has a valid claim against the dram shop that sells him alcohol thereby causing or contributing to his injuries." Id. at 175. See also DeStock No. 14, Inc. v. Logsdon , 993 S.W.2d 952, 957 (Ky. 1999) (emphasis added) ("In fact, sections (1) and (3) could never have been intended to completely immunize dram shops from liability ; for even the original version of House Bill 570 did not purport to abrogate dram shop liability with respect to a sale or service to a minor.").
We conclude KRS 413.241 does not guarantee dram shop owners absolute immunity from suit, but rather, provides a liability defense. Prater authorizes an interlocutory appeal only from the denial of a "substantial claim of absolute immunity," which is not present here. 292 S.W.3d at 887 (emphasis added). See also Steffan v. Smyzer by and through Rankins , 540 S.W.3d 387, 392 (Ky. App. 2018) (dismissing case for failure to appeal from final judgment where trial court determined that teacher was not entitled to immunity under Teacher Liability Protection Act; "[b]ecause it is a statutory defense to liability only, its denial can be vindicated following a final judgment as with any other liability defense") (citation omitted).[4]
*201 Finally, Appellant argues this case presents a "pure issue of law" which may be reviewed under Gumm v. Combs , 302 S.W.2d 616 (Ky. 1957). Gumm permits review of a denial of a motion for summary judgment where: (1) the facts are not in dispute; (2) the only basis of the ruling is a matter of law; (3) there is a denial of the motion; and (4) there is an entry of a final judgment with an appeal therefrom. "Then, and only then, is the motion for summary judgment properly reviewable on appeal, under Gumm . " Transportation Cabinet, Bureau of Highways, Com. of Ky. v. Leneave , 751 S.W.2d 36, 37 (Ky. App. 1988). Gumm is inapplicable because there is no final judgment, and the order specifically finds that "there are genuine issues of material fact."
III. CONCLUSION
WHEREFORE, Appellant's appeal is dismissed for failure to appeal from a final and appealable order.
ALL CONCUR.

Kentucky Revised Statutes.

Kentucky Rules of Civil Procedure.

KRS 342.690(1) provides that unless an employer has opted out of Kentucky's workers' compensation system, liability of the employer under the workers' compensation scheme is "exclusive and in place of all other liability."

Our decision herein is consistent with and guided by the Supreme Court of Kentucky's recent holding in Maggard v. Kinney , 576 S.W.3d 559, 2019 WL 2462878 (Ky. June 13, 2019) (to be published). The Maggard opinion was made final by the Supreme Court of Kentucky on July 5, 2019. Maggard involved a dispute between two medical practitioners. Kinney filed a motion to dismiss Maggard's second amended complaint, asserting immunity under the judicial statements privilege. Id. at 561-63, 2019 WL 2462878 at *2. The Court held that an interlocutory appeal was unauthorized, reasoning "[a] privilege is not synonymous with or equivalent to immunity because it does not relieve the holder of the burdens of litigation or even, necessarily, the imposition of liability." Id. at 560, 2019 WL 2462878 at *1. This is similar to the application of KRS 413.241 in the instant case.
In Maggard , the Supreme Court explained that its holding in Breathitt County Board of Education v. Prater , 292 S.W.3d 883 (Ky. 2009), was "patterned on the federal collateral order doctrine." Id. at 560, 2019 WL 2462878 a *1. The Court cited the criminal case of Commonwealth v. Farmer , 423 S.W.3d 690 (Ky. 2014), in which the Court rejected the "attempted interlocutory appeal of the denial of self-defense immunity in a criminal case." Maggard, supra at 560, 2019 WL 2462878 at *1. In Farmer , the Court held the denial of a self-immunity defense did not qualify for immediate interlocutory appeal under the collateral order doctrine because "the defendant's interest in asserting self-defense immunity and avoiding prosecution was not a matter of substantial public interest but was instead purely personal and, further, the order denying immunity did not resolve an important issue completely separate from the merits of the action." Id. at 565, 2019 WL 2462878 at *5 (citation and finternal quotation marks omitted). The Maggard Court concluded: "A claim of sovereign or governmental immunity satisfies the criteria [for use of the collateral order doctrine] but many other theories couched as immunity will not. " Id. (emphasis added).