RENDERED: JUNE 17, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-0208-DG

CLARA SUSAN SHEETS, EXECUTRIX OF                   APPELLANT
THE ESTATE OF STEVEN RAY SHEETS


                    ON REVIEW FROM COURT OF APPEALS
V.                            NO. 2018-CA-0044
            JEFFERSON CIRCUIT COURT NO. 15-CI-003525


FORD MOTOR COMPANY                             APPELLEE


**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>VACATING AND REMANDING</u>**

Steven Ray Sheets filed suit against Ford Motor Company alleging Ford was one of the parties responsible for causing his malignant mesothelioma. Approximately two years after the suit was filed, and after extensive discovery was conducted, Ford moved the trial court to grant summary judgment in its favor. The trial court denied Ford's motion in a one-sentence hand-written order. Ford appealed to the Court of Appeals, which vacated the trial court's order and remanded for the trial court to enter another order with a basis for its determination. This Court then granted Sheets's motion for discretionary review to determine whether Ford had a right to an interlocutory appeal of the trial court's denial of its summary judgment motion. After review, because neither the Court of Appeals nor this Court has appellate jurisdiction of this

unauthorized interlocutory appeal, we vacate and remand to the trial court for further proceedings in this case.

## I. BACKGROUND

In 2015, Sheets was diagnosed with malignant mesothelioma. Shortly thereafter, he filed suit in Jefferson Circuit Court against Ford and multiple other defendants alleging that he had contracted mesothelioma as a result of his exposure to asbestos and that the defendants were the cause of his exposure. Tragically, within two weeks of the filing of his suit, Sheets died of a self-inflicted gunshot wound. Clara Susan Sheets, executrix of his estate, was substituted as plaintiff, thereby reviving his lawsuit.[1]

Just over two years after suit was filed, Ford filed a motion for summary judgment, making three arguments. First, Ford argued it was immune from tort liability as an "up-the-ladder," or statutory employer, under Kentucky Revised Statute (KRS) 342.610(2)(b) of the Kentucky Workers' Compensation Act (Act). Second, Ford argued that it had no duty to warn independent contractors. Finally, Ford argued there was a lack of proof of causation. The trial court denied Ford's motion for summary judgment in a one-sentence hand-written order that contained no analysis or reasoning.

Ford appealed to the Court of Appeals arguing it was entitled to "'up-the-ladder' immunity" under the exclusive remedy provision of the Act found in KRS 342.690. Ford alleged it had a matter of right appeal on this issue under

---

[1] In *Estate of Benton v. Currin*, 615 S.W.3d 34 (Ky. 2020), we clarified that KRS 395.278 and CR 25.01 operate jointly, and that substitution, CR 25.01, within the statutory time period, KRS 395.278, accomplishes revival.

*Ervin Cable Construction, LLC v. Lay*, 461 S.W.3d 422 (Ky. App. 2015). Sheets filed a motion to dismiss Ford's appeal arguing that the trial court's order denying summary judgment was interlocutory and not appealable. The Court of Appeals denied Sheets's motion to dismiss but held that "any jurisdictional issues may be revisited by the panel . . . considering the merits of the appeal."

Subsequently, the merits panel of the Court of Appeals held that it had "jurisdiction under *Ervin* to review an order denying summary judgment in a case where the trial court has determined that the defendant is not entitled to up-the-ladder immunity as a matter of law." The Court of Appeals went on to note, however, that the trial court's order lacked any basis for its ruling, and therefore the Court of Appeals could not determine if it had jurisdiction to review the order. Accordingly, the Court of Appeals vacated the trial court's order denying Ford's motion for summary judgment and remanded the matter to the trial court "with direction to enter an order specifically setting forth the basis for its determination."

Sheets then moved this Court for discretionary review to determine whether the Court of Appeals had jurisdiction to review the trial court's denial of summary judgment, as Sheets argued it was a non-final, non-appealable interlocutory order. We granted Sheets's motion.

## II.  ANALYSIS

Under Kentucky law, an injured worker's recovery from his employer is limited to workers' compensation benefits unless he has expressly opted out of the workers' compensation system. Under Kentucky's exclusive remedy

provision found in KRS 342.690, the injured worker is not entitled to tort damages from the employer or its employees for work-related injuries. Further, under this statute, the term "employer" is construed broadly to include not only the worker's direct employer, but also a "contractor" utilizing the employee's direct employer as a subcontractor. *Beaver v. Oakley*, 279 S.W.3d 527, 530 (Ky. 2009) (footnote omitted). This exclusive remedy provision is often referred to as providing "up-the-ladder" immunity for contractors.[2]

Ford argues that it is entitled to "up-the-ladder" immunity because it subcontracted with Sheets's direct employer. It further argues that the trial court's denial of its summary judgment motion was a denial of a substantial claim of immunity that is immediately appealable under this Court's decision in *Breathitt County Board of Education v. Prater,* 292 S.W.3d 883, 886 (Ky. 2009), and the Court of Appeals' decision in *Ervin Cable,* 461 S.W.3d 422.

Generally, Kentucky Rule of Civil Procedure (CR) 54.01 limits "appealable judgment[s]" to "final order[s] adjudicating all the rights of all the parties in an action or proceeding." However, there are exceptions to this final judgment rule. For example, CR 54.02 permits the trial court to designate as "final" and hence appealable a "judgment upon one or more but less than all of the claims or parties" upon a determination that "there is no just reason for delay" in cases involving multiple claims or multiple parties. CR 65.07 permits an interlocutory appeal from an order "grant[ing], den[ying], modif[ying], or

---

[2] There is some dispute as to whether KRS 342.690 actually confers immunity from suit, as opposed to immunity from liability, on employers. We need not, and do not, decide that issue today.

dissolv[ing] a temporary injunction[.]" KRS 22A.020(4) permits the Commonwealth an interlocutory appeal under certain circumstances in criminal cases. KRS 417.220 allows for interlocutory appeals of certain orders regarding arbitration, and KRS 425.600(1) deems any "order of a court appointing or refusing to appoint a receiver . . . a final order for the purpose of an appeal."

This Court recognized an application of the federal collateral order doctrine as another exception to the final order rule in *Prater*, 292 S.W.3d 883. We acknowledged that some non-final orders "address substantial claims of right which would be rendered moot by litigation and thus are not subject to meaningful review in the ordinary course following a final judgment." *Id.* at 886. In the context of that case, we held that "an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." *Id.* at 887.

Since our *Prater* decision, we have refined our application of its principles. In *Commonwealth v. Farmer*, 423 S.W.3d 690 (Ky. 2014), we explained that merely being denied a claimed "immunity" was not necessarily sufficient to invoke the doctrine as an exception to the final order rule. We explained that the collateral order doctrine requires an order that (1) conclusively decides an important issue separate from the merits of the case; (2) is effectively unreviewable following final judgment; and (3) involves a substantial public interest that would be imperiled absent an immediate appeal. *Id.* at 696-97. In *Farmer*, we quoted from the United States Supreme

5

Court's decision in *Will v. Hallock*, 546 U.S. 345 (2006), when discussing "the driving force of collateral order jurisprudence." That Court stated,

> In each case, some particular value of a high order was marshaled in support of the interest in avoiding trial: honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual. *That is, it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is "effectively" unreviewable if review is to be left until later.*

*Will*, 546 U.S. at 352-53 (emphasis added). We noted that in *Prater*, "the threatened disruption of government services due to the costs and burden of litigation presented a compelling public interest sufficient to entitle the Breathitt County Board of Education to immediate review of the trial court's denial of absolute immunity." *Farmer*, 423 S.W.3d at 697 (citing *Prater*, 292 S.W.3d at 887). We went on to hold that Farmer's claim of immunity from prosecution under KRS 503.085[3] did not involve such a substantial public interest, as his "interest in asserting immunity and avoiding prosecution . . . is purely personal in nature." *Id.*

The year after *Farmer* was decided, the Court of Appeals, in *Ervin Cable*, 461 S.W.3d 422, was tasked with answering the exact question before us today – whether, under the collateral order doctrine, an appellate court has jurisdiction to review a trial court's denial of a motion for summary judgment which relies on the exclusive remedy provision of the Act. Relying on *Prater*, but

---

[3] KRS 503.085 states, in relevant part, "A person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force . . ."

without mentioning *Farmer,* the Court of Appeals held that it had jurisdiction to review the denial of summary judgment because "the denial of a substantial claim of immunity is an exception to the finality rule that interlocutory orders are not immediately appealable." *Id.* at 423 (citing *Prater,* 292 S.W.3d 883). In *Ervin Cable,* the Court of Appeals did not consider the three-part test described in *Farmer.*

Five years after *Farmer,* this Court again sought to clarify the application of the collateral order doctrine in two cases rendered just months apart. First, in *Maggard v. Kinney,* 576 S.W.3d 559 (Ky. 2019), we were tasked with determining whether the denial of a judicial statements privilege in litigation between two physicians fell within the collateral order doctrine. We acknowledged that "[a] claim of sovereign or governmental immunity satisfies the criteria" of the collateral order doctrine, but that "many other theories couched as immunity will not." *Id.* at 566. In a footnote, we noted that "[t]his Court has generally limited interlocutory jurisdiction to sovereign, governmental and official immunity claims," *id.* at 566 n.8, but that "Kentucky courts have in some instances allowed the collateral order doctrine to expand beyond its logic" and the criteria as laid out in *Farmer. Id.* (internal quotation marks and citation omitted). We further noted that "no governmental entity or official is a party to this long-running litigation and thus the prospects of immunity justifying a collateral order interlocutory appeal are slim to none." *Id.*

We went on to hold that the judicial statements privilege was not a form of immunity and did not allow for an interlocutory appeal under the collateral

7

order doctrine. *Id.* We cited to the Sixth Circuit's decision in *Kelly v. Great Seneca Financial Corp.*, 447 F.3d 944 (6th Cir. 2006), which relied heavily on *Will*, 546 U.S. 345, for its emphasis "on limiting the collateral order exception to cases involving a substantial public interest that would be threatened by a trial or other proceedings on the merits of the full case." *Id.* at 568. Finally, we held that a denial of the judicial statements privilege, or even witness immunity, "does not merit immediate appellate review because it does not satisfy the collateral order doctrine requirements of an order involving a substantial *public* interest that will be imperiled if appellate review is delayed until after further proceedings and final judgment." *Id.* (emphasis added).

Two months after *Maggard*, we rendered our decision in *Hampton v. Intech Contracting, LLC*, 581 S.W.3d 27 (Ky. 2019), in which we had to determine whether a trial court's grant of partial summary judgment in a workers' compensation enforcement action was immediately appealable in the absence of CR 54.02 finality language. We repeated our observation from *Maggard* that "Kentucky courts have in some instances allowed the collateral order doctrine to expand beyond its logic" and the criteria as laid out in *Farmer* and expressly concluded "that *Ervin Cable* is such a case." *Id.* at 36. We went on to hold that "[w]hether or not the circuit court had jurisdiction to consider a workers' compensation enforcement action against Intech/Zurich is not a matter of 'substantial public interest'" and accordingly determined that the Court of Appeals lacked jurisdiction to consider the interlocutory order in that case. *Id.*

8

As the foregoing case recitations illustrate, this Court has spent considerable effort over the last several years clarifying and limiting the collateral order doctrine as an exception to the final judgment rule for appeals. A few things become clear in reviewing the progression of our jurisprudence in this area. First, all three elements of the collateral order doctrine as laid out in *Farmer* must be met before an appellate court has jurisdiction to review an interlocutory order. Those three elements are as follows: the interlocutory order must (1) conclusively decide an important issue separate from the merits of the case; (2) be effectively unreviewable following final judgment; and (3) involve a substantial public interest that would be imperiled absent an immediate appeal. *Farmer*, 423 S.W.3d at 696-97. Next, we have been placing an increasing emphasis on the third element—that the interlocutory order must involve a substantial *public* interest that would be imperiled absent an immediate appeal. Finally, not all denials of a claim of immunity meet this element. In fact, in instances when no governmental entity or official is a party to the case and there is no concern with "preserving the efficiency of government," it is unlikely that a denial of a party's claim of immunity will meet this final element. *See Maggard*, 576 S.W.3d at 566; *Will*, 546 U.S. at 352-53.

In applying this framework to the case at bar, we conclude that the trial court's denial of up-the-ladder immunity in this case does not meet the three-element test articulated in *Farmer*, as it does not involve a substantial public interest that would be imperiled absent an immediate appeal. No governmental entity or official is a party to the action. There is no concern with government

9

efficiency, the disruption of government services due to the costs and burden of litigation, or public coffers placed at risk. The interests at stake in this case are purely personal to Ford and Sheets without an impact on the greater public interest. Because the interlocutory order at issue in this case does not meet the requirements of the collateral order doctrine, the Court of Appeals lacked jurisdiction to hear the appeal, as do we. Accordingly, we vacate the Court of Appeals' decision and remand to the trial court for further proceedings.

In vacating and remanding, we recognize that we must address the Court of Appeals' holding in *Ervin Cable* as it stands directly contrary to what we hold today. We reaffirm the sentiment we expressed in *Hampton* that the Court of Appeals in *Ervin Cable* "allowed the collateral order doctrine to expand beyond its logic" and the criteria as laid out in *Farmer*. *Hampton*, 581 S.W.3d at 36. As such, we expressly overrule *Ervin Cable*'s holding that under the collateral order doctrine, an appellate court has jurisdiction to review a trial court's denial of a motion for summary judgment based on up-the-ladder immunity.

Finally, in further support of our conclusion today, we note that the legislature did not see fit to include a right to an immediate appeal of a denial of up-the-ladder immunity in the Workers' Compensation Act. KRS 342.690 includes no such provision. This stands in stark contrast to other instances in which our General Assembly has expressly provided for a right to an immediate appeal in certain situations. Some examples, as mentioned before, include KRS 22A.020(4) (permitting the Commonwealth an interlocutory appeal under certain circumstances in criminal cases), KRS 417.220 (allowing for

10

interlocutory appeals of certain orders regarding arbitration), and KRS 425.600(1) (deeming any "order of the court appointing or refusing to appoint a receiver . . . a final order for the purpose of an appeal"). Accordingly, we see no statutory authorization for an immediate interlocutory appeal of a denial of up-the-ladder immunity.

### III. CONCLUSION

For the foregoing reasons, we vacate the opinion of the Court of Appeals and remand this matter to the trial court for further proceedings.

All sitting. All concur. VanMeter, J., concurs by separate opinion in which Nickell, J., joins.

VANMETER, J., CONCURRING: I fully concur with Justice Keller's well-reasoned opinion. I write separately since we are overruling *Ervin Cable Construction, LLC v. Lay*, 461 S.W.3d 422 (Ky. 2015), as to which I was the presiding judge and primary author of that opinion; one of my colleagues on that panel was Justice Nickell. The *Ervin Cable* opinion relied exclusively on this Court's opinion in *Prather v. Breathitt County Board of Education*, 292 S.W.3d 883 (Ky. 2009) and that opinion's broad statements regarding interlocutory appeals on denials of immunity. While *Prather* addressed a government entity's claim of immunity, the portion of the opinion addressing that Board of Education's entitlement to an interlocutory appeal spoke of immunity with no indication that immunity claims, other than governmental, were not included. *Id.* at 886-87. Since *Prather*, however, this Court has further clarified the parameters of interlocutory appeals regarding immunity.

11

*Hampton v. Intech Contracting, LLC*, 581 S.W.3d 27 (Ky. 2019); *Maggard v. Kinney*, 576 S.W.3d 559 (Ky. 2019); *Commonwealth v. Farmer*, 423 S.W.3d 690 (Ky. 2014).[4]

While Ford argues that *Ervin Cable* was correctly decided, notwithstanding the *Farmer* three-part test, our more recent decisions have clearly moved to reaffirm our longstanding prohibition of piecemeal appeals, and interlocutory appeals in particular, absent compelling reasons. While consistency of thought or point of view can be a virtue, especially for judges, at some point a body of jurisprudence leads to the inescapable conclusion that adherence to a former view is no longer tenable. For me, this is such a point. Justice Nickell has authorized me to state that he joins in this concurrence.

Nickell, J., joins.

---

[4] The majority opinion points out that *Ervin Cable* did not consider *Farmer*. This failure was apparently due to the fact, as disclosed by the parties' briefs in *Ervin Cable*, that the employer seeking interlocutory review cited only to *Prather* and *Kentucky Employers Mutual Insurance v. Coleman*, 236 S.W.3d 9 (Ky. 2007). Additionally, the employee, Lay, did not contest that issue.

COUNSEL FOR APPELLANT:

Joseph Donald Satterley
James Garrett Cambron
Paul James Ivie
Paul Jason Kelley
James Eric Kiser
Satterley & Kelley PLLC

Kevin Crosby Burke
Jamie Kristin Neal
Burke Neal PLLC


COUNSEL FOR APPELLEE:

Robert Thaddeus Keal
Turner, Keal & Button, PLLC

Paul D. Hudson
Miller, Canfield, Paddock and Stone, PLC