RENDERED:  SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0961-MR


LOUISVILLE GAS AND ELECTRIC
COMPANY                                                                   APPELLANT


ON REMAND FROM THE KENTUCKY SUPREME COURT
(FILE NO.  2020-SC-0552-DG)


v.


APPEAL FROM TRIMBLE CIRCUIT COURT
HONORABLE KAREN A. CONRAD, JUDGE
ACTION NO.  16-CI-00099


JOSE RAMIREZ GALVAN;
PETROCHEM INSULATION, INC.;
ARTIC SLOPE REGIONAL
CORPORATION; AND THOMPSON
INDUSTRIAL SERVICES, LLC                                         APPELLEES



OPINION AND ORDER
DISMISSING AND REMANDING

** ** ** ** **


BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE:  This case is before the Court of Appeals on remand from the Kentucky Supreme Court for further consideration in light of *Sheets v. Ford Motor Company*, ___ S.W.3d ___, 2021 WL 2618203 (Ky. Jun. 17, 2021).  Because this Court lacks jurisdiction to review the circuit court's interlocutory order, we dismiss and remand this matter for further proceedings.

When the case was first before the Court, we exercised appellate jurisdiction in reliance on *Breathitt County Board of Education v. Prater*, 292 S.W.3d 883 (Ky. 2009), as interpreted in *Ervin Cable Construction, LLC v. Lay*, 461 S.W.3d 422, 423 (Ky. App. 2015), *overruled by Sheets*, *supra*.  *Sheets* noted that since *Prater*, the Supreme Court has refined interlocutory jurisdiction based on the collateral order doctrine exception to the finality rule.

In accord with current jurisprudence, "merely being denied a claimed 'immunity' [i]s not necessarily sufficient to invoke the doctrine as an exception to the final order rule." *Sheets*, ___ S.W.3d at ___, 2021 WL 2618203, at *2.  The Court explained that:

> three elements of the collateral order doctrine . . . must be met before an appellate court has jurisdiction to review an interlocutory order. . . . :  the interlocutory order must (1) conclusively decide an important issue separate from the merits of the case; (2) be effectively unreviewable following final judgment; and (3) involve a substantial public interest that would be imperiled absent an immediate appeal. . . . [I]n instances when no governmental entity or official is a party to the case and there is no concern with "preserving the efficiency of government," it is unlikely

that a denial of a party's claim of immunity will meet this final element.

*Id*. at \*4 (citations omitted).

Applying this framework, the Supreme Court concluded that "the trial court's denial of up-the-ladder immunity . . . does not meet the three-element test . . . [when] it does not involve a substantial public interest that would be imperiled absent an immediate appeal." *Id*. Here, as in *Sheets*:

> [n]o governmental entity or official is a party to the action. There is no concern with government efficiency, the disruption of government services due to the costs and burden of litigation, or public coffers placed at risk. The interests at stake in this case are purely personal to [the parties] without an impact on the greater public interest. Because the interlocutory order at issue in this case does not meet the requirements of the collateral order doctrine, the Court of Appeals lacked jurisdiction to hear the appeal[.]

*Id*.

For these reasons, we conclude this Court lacks jurisdiction to review the circuit court's denial of Louisville Gas and Electric Company's claim of "up-the-ladder" immunity. The appeal is DISMISSED and remanded for further proceedings.

ALL CONCUR.

ENTERED: September 10, 2021

JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:

Travis Aaron Crump
Jeremiah A. Byrne
Griffin Terry Sumner
Casey Wood Hensley
Louisville, Kentucky

BRIEF FOR APPELLEE:

Randal A. Strobo
Clay A. Barkley
Michael Todd Copper
Louisville, Kentucky