RENDERED: SEPTEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0435-MR

WILLIAM ROBINSON                                              APPELLANT

                     APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE MELISSA L. BELLOWS, JUDGE
                         ACTION NO. 20-CI-004197

DONNA JOHNSON                                                APPELLEE

AND

NO. 2024-CA-0478-MR

DONNA JOHNSON                                   CROSS-APPELLANT

           CROSS-APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE MELISSA L. BELLOWS, JUDGE
                         ACTION NO. 20-CI-004197

WILLIAM ROBINSON AND
VANESSA BURNS                                      CROSS-APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: This appeal concerns a premises liability action brought by Donna Johnson against the former Director of Louisville Metro Public Works ("Public Works") Vanessa Burns ("Burns") and Public Works employee William Robinson ("Robinson") for injuries she sustained when she tripped on a raised section of sidewalk in downtown Louisville, Kentucky. The circuit court held Burns was entitled to qualified official immunity and granted summary judgment in her favor. It ruled Robinson was not entitled to qualified official immunity and that genuine issues of material fact existed regarding his negligence. Robinson appeals and Johnson cross-appeals. We affirm both appeals.

## BACKGROUND

In 2019, Johnson tripped on a section of raised sidewalk in the 100 block of West Market Street in downtown Louisville. In her deposition, Johnson testified she remembered leaving her hotel, making a right (onto South 1st Street), and then making a right at the corner onto West Market Street. She recalled coming across a "barrier with yellow tape on the sidewalk" which caused her to walk into the street. Upon reentering the sidewalk, she proceeded about a "half a block" before tripping on a "3 to 4-inch rise" in the sidewalk.

-2-

Johnson filed suit in Jefferson Circuit Court against Burns and Robinson, individually, alleging both were negligent in "the ownership, occupancy, maintenance, operation, care, management, repair, service, inspection and/or control of the premises located in the 100 block of West Market Street in Louisville, Kentucky." Burns and Robinson filed an answer to the complaint, asserting the defense of qualified official immunity. Subsequently, they filed a motion for summary judgment on the issues of both qualified official immunity and negligence.

Both Burns and Robinson filed affidavits in support of their motion for summary judgment. Burns stated that as Director of Public Works she "was the highest ranking official in the department and was responsible for oversight of the department[.]" Her job duties included "developing departmental budgets, overseeing assistant directors, presenting to Metro Council, developing long-term departmental goals and strategies, etc." Her duties did not include the "design, construction, inspection, maintenance, or repair of municipal sidewalks." She further testified that during her tenure as director, "the department implemented a report-based system for addressing the maintenance and repair of sidewalks." Once a complaint was received, the department would send an employee to "visit the site of the complaint" and rate the severity of the defect. The defect would then be repaired based on the date of the complaint and the severity of the defect. This

system allowed the department to "allocate the maximum amount of resources available to the repair of defects."

Robinson's affidavit stated that at the time of Johnson's fall, he worked for Louisville Metro as a Public Works Inspector III. His job duties included "inspecting complaints of sidewalk disrepair in accordance with Department of Public Works and Assets policy and procedure." According to that procedure, when a sidewalk complaint was received, he or a coworker would inspect the complaint to see if it qualified as a sidewalk trip hazard. If so, it would receive a severity rating and be forwarded to the sidewalk repair engineer to be added to the list of repairs. Robinson testified he did not proactively inspect sidewalks for hazards. Further, he did not know about any sidewalk defects reported at the location of Johnson's fall before her lawsuit was filed.

Following a hearing, the circuit court entered an order granting summary judgment to Burns but denying summary judgment to Robinson. It found Burns was entitled to immunity because her acts as Director of Public Works were discretionary. However, it determined that Robinson's act of investigating the report of the damaged sidewalk was ministerial. It further found that based upon the proximity of Johnson's fall to a previous complaint, an issue of fact existed for the jury concerning Robinson's negligence. This appeal and cross-appeal followed.

-4-

## STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "[A] party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992) (citation omitted). "A motion for summary judgment presents only questions of law and a determination of whether a disputed material issue of fact exists." *Patton v. Bickford*, 529 S.W.3d 717, 723 (Ky. 2016) (internal quotation marks and citation omitted). "Our review is de novo, and we afford no deference to the trial court's decision." *Id.*

## ANALYSIS

### I. Robinson's Appeal

Turning to Robinson's appeal, he argues the circuit court erred in denying his motion for summary judgment because (1) he is entitled to qualified official immunity and (2) he was not negligent as a matter of law. We first address Robinson's claim to qualified official immunity because it is a threshold issue. "Qualified official immunity, generally speaking, is 'immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions.'" *Patton*, 529 S.W.3d at 723 (citing *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001)). "Qualified immunity applies only to the negligent performance of duties that are discretionary in nature." *Id.* "A government official is not afforded immunity from tort liability for the negligent performance of a ministerial act." *Id.* Thus, whether Robinson is entitled to qualified official immunity depends on whether his challenged conduct is discretionary or ministerial.

A ministerial act is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero*, 65 S.W.3d at 522. "That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature." *Id.*

(citation omitted). "In reality, a ministerial act or function is one that the government employee must do without regard to his or her own judgment or opinion concerning the propriety of the act to be performed." *Marson v. Thomason*, 438 S.W.3d 292, 297 (Ky. 2014) (internal quotation marks and citation omitted). "In other words, if the employee has no choice but to do the act, it is ministerial." *Id.*

"On the other hand, a discretionary act is usually described as one calling for a 'good faith judgment call[ ] made in a legally uncertain environment.'" *Marson*, 438 S.W.3d at 297 (citing *Yanero*, 65 S.W.3d at 522). It is an act "involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Yanero*, 65 S.W.3d at 522. "[A]t their core, discretionary acts are those involving quasi-judicial or policy-making decisions." *Marson*, 438 S.W.3d at 297. But they also encompass "the kind of discretion exercised at the operational level rather than exclusively at the policy-making or planning level." *Id.* (citation omitted). "The operational level, of course, is not direct service or 'ground' level." *Id.*

Here, Robinson, as a Public Works Inspector III, was tasked with investigating reported sidewalk hazards. His duties were "ground level." They were also "absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero*, 65 S.W.3d at 522.

-7-

Once a report was received, Robinson was required to investigate it. Robinson contends that determining whether a sidewalk should be repaired is a discretionary act. However, just because an act involves some discretion does not necessarily make it discretionary. *See Patton*, 529 S.W.3d at 724 ("Even a ministerial act requires some discretion.") (quoting 63C AM. JUR. 2D *Public Officers and Employees* § 319 (2016)). Instead, we must look to the "*dominant* nature of the act." *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010), *as corrected* (May 7, 2010). In this case, the dominant nature of the act is investigating reported hazards and assigning them a severity rating. Robinson had no choice but to do these things. Therefore, Robinson's duties are ministerial, and he is not entitled to qualified official immunity.

Robinson also contends he was not negligent as a matter of law because he did not breach any duty owed to Johnson. The circuit court ruled that genuine issues of material fact existed concerning whether Robinson was negligent in his investigation. Robinson argues the circuit court's ruling was based upon a flawed understanding of the facts. Specifically, a mistaken belief that he had investigated a complaint along the 100 block of West Market Street when, in fact, he investigated a sidewalk defect on First Street.

Even if true, the issue of Robinson's negligence is outside the scope of our appellate review. "Ordinarily, the denial of a motion for summary judgment

-8-

is considered interlocutory and not appealable." *Recbar, LLC v. Drake*, 579 S.W.3d 198, 199 (Ky. App. 2019) (citation omitted). "In the absence of an exception to the general rule, this Court lacks jurisdiction over an interlocutory appeal." *Id.* (citation omitted). While an order denying a claim of immunity is one such exception, "an appellate court reviewing an interlocutory appeal of a trial court's determination of a defendant's immunity from suit is limited to the specific issue of whether immunity was properly denied, nothing more." *Baker v. Fields*, 543 S.W.3d 575, 578 (Ky. 2018). However, Robinson is not without recourse. "[H]e still has the right to establish the merits of his motion upon the trial of the cause." *Bell v. Harmon*, 284 S.W.2d 812, 814 (Ky. 1955).

## II. Johnson's Cross-Appeal

Johnson argues on cross-appeal that the circuit court erred in granting summary judgment to Burns on the issue of qualified official immunity. First, she appears to argue that since a contract existed between the Louisville Metro Government and the Commonwealth of Kentucky governing the maintenance of the sidewalk in question, the defense of qualified official immunity does not apply. She cites no authority for this proposition, and we reject it. She also contends that Burns' duties were ministerial based on the contract. She points to language that states that "Metro Government shall provide maintenance and repair of sidewalks

-9-

within the State right-of-way" and claims the "terms of the . . . contract give [Burns] no room for discretion."

However, the contract contains no mandates specific to Burns.[1] The distinction between ministerial and discretionary "rests not on the status or title of the officer or employee, but on the function performed." *Marson*, 438 S.W.3d at 296 (quoting *Yanero*, 65 S.W.3d at 521). Most "immunity issues are resolved by examining the nature of the functions with which a particular official or class of officials has been lawfully entrusted." *Yanero*, 65 S.W.3d at 518 (citation omitted). According to Burns' affidavit, she was the "highest ranking official" in Public Works and was responsible for "developing departmental budges, overseeing assistant directs . . . [and] developing long-term departmental goals and strategies[.]" Her duties did not include the "design, construction, inspection, maintenance, or repair of municipal sidewalks." She was also responsible for implementing the current "report-based system for addressing the maintenance and repair of sidewalks."

None of these duties involve "only obedience to the orders of others" or "merely execution of a specific act arising from fixed and designated facts." *Yanero*, 65 S.W.3d at 522. Instead, they involve "quasi-judicial or policy-making

---

[1] While the contract states that Public Works "shall" maintain and repair certain state sidewalks, it proceeds to provide that such maintenance will occur per Public Works policy, the very policy Burns implemented in her discretion as Director of Public Works, as discussed below.

decisions[,]" *Marson*, 438 S.W.3d at 297, such as developing budgets and departmental goals. Burns was not tasked with personally investigating or repairing sidewalks but instead, put into place a report-based system to "allocate the maximum amount of resources available to the repair of defects[,]" and act "involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Yanero*, 65 S.W.3d at 522. In sum, Burns' duties regarding sidewalk maintenance were discretionary and she is entitled to qualified official immunity. We would note that very recently, in a substantially similar case, another panel of this Court held Burns' "acts and functions pertaining to sidewalk repair were discretionary." *Burns v. Aistrop*, 694 S.W.3d 390, 394 (Ky. App. 2024), *review denied* (Aug. 14, 2024). The circuit court properly granted summary judgment in favor of Burns.

## CONCLUSION

Accordingly, we affirm the Jefferson Circuit Court's denial of summary judgment on the issue of qualified official immunity as to Johnson and its grant of summary judgment on that issue as to Burns.

ALL CONCUR.

-11-

BRIEFS FOR APPELLANT/CROSS-
APPELLEES:

Michael J. O'Connell
Jefferson County Attorney

Kathryn Meador
Gregory Scott Gowen
Louisville, Kentucky

BRIEF FOR APPELLEE/CROSS-
APPELLANT:

William D. Nefzger
Louisville, Kentucky