RENDERED:  OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0866-MR

SCHNEIDER ELECTRIC USA, INC.,
F/K/A SQUARE D COMPANY                                                APPELLANT


ON REMAND FROM THE KENTUCKY SUPREME COURT
2019-SC-0537-DG

APPEAL FROM FAYETTE CIRCUIT COURT
v.            HONORABLE JOHN E. REYNOLDS, JUDGE
ACTION NO. 16-CI-01842


PAUL WILLIAMS, INDIVIDUALLY;
COLBY WILLIAMS BY AND
THROUGH HIS PARENT,
GUARDIAN, AND NEXT FRIEND
PAUL WILLIAMS; UNION CARBIDE
CORPORATION; AND PAUL WILLIAMS,
EXECUTOR OF THE ESTATE
OF VICKIE WILLIAMS                                                      APPELLEES


OPINION
DISMISSING AND
REMANDING


BEFORE:  CALDWELL, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE:  This matter is on remand from the Kentucky Supreme

Court instructing us to reconsider our prior Opinion in light of its recent decision in

*Sheets v. Ford Motor Company*, 626 S.W.3d 594 (Ky. 2021). After careful review in conformity with *Sheets*, we dismiss this appeal as interlocutory and remand to the trial court.

## BACKGROUND AND PROCEDURAL HISTORY

Vickie Williams's ("Williams") father worked for Schneider Electric USA, Inc. (f/k/a Square D Company) ("Square D") for many years, during which time she purportedly encountered asbestos brought home on her father's clothing. Williams also worked for Square D for a few months as a teenager in 1978. In her May 2016 unverified complaint, Williams asserted that she was directly exposed to asbestos when working at Square D's facility in 1978 and was indirectly exposed to asbestos fibers from her father's clothing[1] which led to her mesothelioma.

Square D's answer invoked the exclusive remedy provisions of the Kentucky Workers' Compensation statutes whereby Williams's only potential recourse is via a workers' compensation claim. Specifically, KRS[2] 342.690(1) provides in relevant part that "[i]f an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee[.]"

---

[1] Williams also sued sundry manufacturers and sellers of products containing asbestos, including Appellee Union Carbide Corporation.

[2] Kentucky Revised Statutes.

Williams died in February 2017, and her husband/executor was substituted as named plaintiff. Square D moved for summary judgment initially and after the close of discovery. The trial court denied the motion, concluding KRS 342.690 applied only to workplace injuries and there was no evidence that Williams's mesothelioma was caused by her having worked for Square D.[3] This appeal followed.

## ANALYSIS

Williams's first argument on appeal is that it should be dismissed as interlocutory.[4] We previously ruled that Williams's argument runs contrary to our holding in *Ervin Cable Construction, LLC v. Lay*, 461 S.W.3d 422, 423 (Ky. App. 2015), that "the denial of a substantial claim of immunity is an exception to the finality rule that interlocutory orders are not immediately appealable." However, the Kentucky Supreme Court recently overruled *Ervin* and held in *Sheets* that an appellate court does not have jurisdiction under the collateral order doctrine to review a trial court's denial of a motion for summary judgment based on up-the-

---

[3] Briefly, we reject Square D's argument that the trial court's decision must be reversed because it adopted a proposed order tendered by Williams. The court asked both Williams and Square D for proposed orders and later adopted Williams's tendered draft. Such a procedure is not impermissible. *See, e.g.*, *Prater v. Cabinet for Human Resources, Commonwealth of Kentucky*, 954 S.W.2d 954, 956 (Ky. 1997).

[4] A motion panel of this Court has already summarily rejected this argument, but a merits panel generally may revisit a motion panel's decision. *Commonwealth Bank & Trust Co. v. Young*, 361 S.W.3d 344, 350 (Ky. App. 2012).

ladder immunity pursuant to the Workers' Compensation Act. *Sheets*, 626 S.W.3d 594.

Specifically, the Kentucky Supreme Court held that "merely being denied a claimed 'immunity' was not necessarily sufficient to invoke the [collateral order] doctrine as an exception to the final order rule." *Id*. at 598 (citing *Commonwealth v. Farmer*, 423 S.W.3d 690 (Ky. 2014)). The Court explained that "the collateral order doctrine requires an order that (1) conclusively decides an important issue separate from the merits of the case; (2) is effectively unreviewable following final judgment; and (3) involves a substantial public interest that would be imperiled absent an immediate appeal." *Id*.

We conclude that the trial court's denial of up-the-ladder immunity in this case does not meet the three-element test articulated in *Farmer* as it does not involve a substantial public interest that would be imperiled absent an immediate appeal. The parties are not governmental entities or officials. Therefore, there is no concern with government efficiency, the disruption of government services due to the costs and burden of litigation or public coffers placed at risk. The interests at stake in this case are purely personal to Williams and Square D without an impact on the greater public interest. Because the interlocutory order at issue in this case does not meet the requirements of the collateral order doctrine set forth in *Farmer*, and reiterated in *Sheets*, we lack jurisdiction to hear this appeal.

Accordingly, we dismiss the appeal and remand this case to the trial court for further proceedings without addressing the parties' remaining arguments.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Palmer G. Vance II
Todd S. Page
Matthew R. Parsons
Lexington, Kentucky

BRIEF FOR APPELLEE PAUL WILLIAMS INDIVIDUALLY AND AS EXECUTOR OF ESTATE OF VICKIE WILLIAMS AND AS GUARDIAN AND NEXT FRIEND OF COLBY WILLIAMS:

Joseph D. Satterly
Paul J. Kelley
Paul J. Ivie
J. Eric Kiser
J. Garrett Cambron
Louisville, Kentucky