RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0411-MR

COMMONWEALTH OF KENTUCKY, EX REL.
DANIEL CAMERON, ATTORNEY GENERAL                    APPELLANT


APPEAL FROM JESSAMINE CIRCUIT COURT
v.          HONORABLE C. HUNTER DAUGHERTY, JUDGE
ACTION NO. 20-CI-00494


BOONE DEVELOPMENT, LLC;
ALEX LYTTLE, IN HIS OFFICIAL
CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT;
CITY OF NICHOLASVILLE PLANNING
COMMISSION; HAROLD E. SMITH, IN HIS
OFFICIAL CAPACITY AS ACTING CHAIRMAN
AND MEMBER OF THE NICHOLASVILLE BOARD
OF ADJUSTMENT; JENNIFER CARPENTER, IN HER
OFFICIAL CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT;
JIM PARSONS, IN HIS OFFICIAL CAPACITY AS
A MEMBER OF THE NICHOLASVILLE BOARD
OF ADJUSTMENT; JIMMY WELLS, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT;
MICHAEL EAKINS, IN HIS OFFICIAL CAPACITY
AS INTERIM/ACTING PLANNING
DIRECTOR/ADMINISTRATIVE OFFICER FOR

THE CITY OF NICHOLASVILLE PLANNING
COMMISSION; NICHOLASVILLE BOARD
OF ADJUSTMENT; PAULA ELDER, IN HER
OFFICIAL CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT;
TANYA BOLTON, IN HER OFFICIAL CAPACITY
AS A MEMBER OF THE NICHOLASVILLE
BOARD OF ADJUSTMENT; TIM CROSS, IN HIS
INDIVIDUAL CAPACITY AND IN HIS
OFFICIAL CAPACITY AS ENGINEER FOR THE
CITY OF NICHOLASVILLE PLANNING
COMMISSION; VIA VITAE DEVELOPMENT,
LLC, D/B/A JAMES MONROE HOMES; AND
WM. WAYNE HADEN, IN HIS OFFICIAL
CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT                    APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

CLAYTON, CHIEF JUDGE:  The Commonwealth appeals from the Jessamine

Circuit Court's order declaring Kentucky Revised Statute ("KRS") 100.3471

unconstitutional.  Upon review, we reverse and remand with instructions to the

circuit court to conduct a hearing as described in KRS 100.3471(3) to determine

the amount of an appeal bond and issue findings of fact regarding the appeal bond.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute in this appeal is a land-use issue between a property developer – Boone Development, LLC ("Boone") – and the Nicholasville Board of Adjustment ("the Board"). After the circuit court issued a final decision in favor of the Board, Boone appealed to this Court, and the Board cross-appealed. Those appeals are pending separately before this Court, the merits of which we will discuss in a different Opinion. Rather, this appeal concerns the collateral proceedings in the circuit court regarding the Board's request for an appeal bond under KRS 100.3471.

After Boone filed its notice of appeal on the merits of the underlying land-use dispute, the Board filed a motion under KRS 100.3471 requesting that the circuit court require Boone to pay an appeal bond. Boone opposed that motion, arguing that KRS 100.3471 was unconstitutional. The Commonwealth intervened to defend the statute's constitutionality. Ultimately, the circuit court agreed with Boone and declared the statute unconstitutional.

We will discuss further facts as they become relevant to this Opinion.

## ANALYSIS

In planning and zoning matters, KRS 100.347 provides for appeals to the circuit court from the final actions of the board of adjustment, the planning

commission, or the legislative body of any city, county, or consolidated local government. However, the statute at issue here – KRS 100.3471 – seeks to limit the subsequent appeals of such cases to the Court of Appeals.

To this end, the statute provides for the imposition of a bond on the appellant upon motion by the appellee. KRS 100.3471(1). If a party appeals a circuit court's decision in a planning or zoning matter, the appellee has thirty days to file a motion for such a bond. KRS 100.3471(2). The circuit court is thereafter required to hold a hearing to set the amount of the bond, the maximum amount of which is based on the circuit court's determination of whether the appeal is presumptively frivolous or not. KRS 100.3471(3).

If the court finds that the appeal is presumptively frivolous, after considering such factors as whether "the appeal is of a ministerial or discretionary decision[,]" and whether or not there exists "a reasoned interpretation supporting the appellant's position[,]" it "shall consider all costs, economic loss, and damages that the appellee may suffer or incur during the pendency of, or that will be caused by, the appeal, including attorney fees and court costs, up to a maximum bond amount of two hundred fifty thousand dollars ($250,000)." KRS 100.3471(3)(b) and (c).

If the court finds that the appeal is not presumptively frivolous, it "shall consider the costs that the appellee may incur during the pendency of the

-4-

appeal, including but not limited to attorney fees and court costs, plus interest payable on land acquisition or development loans, up to a maximum bond amount of one hundred thousand dollars ($100,000)."  KRS 100.3471(3)(d).

Notably, the statute requires the circuit court to dismiss the appeal if the appellant does not post the bond within fifteen days of the circuit court's determination of the bond amount.  KRS 100.3471(3)(f).

Boone presents the following grounds for holding the statute to be unconstitutional:  (1) it violates the Kentucky Constitution's separation of powers; (2) it imposes an unconstitutional penalty on the right to appeal found in Section 115 of the Kentucky Constitution; (3) it violates the right to equal protection under the United States Constitution and the Kentucky Constitution; and (4) it violates the *Noerr-Pennington*[1] doctrine.

Alternatively, the Commonwealth argues that KRS 100.3471 is constitutional and a requirement that must be met before this Court has jurisdiction to hear the underlying appeal and cross-appeal.

Regarding Boone's separation of powers argument, Kentucky Constitution Section 116 vests exclusive jurisdiction in the Supreme Court to prescribe "rules of practice and procedure for the Court of Justice."  However,

---

[1] *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961); *United Mine Workers of America v. Pennington*, 381 U.S. 657, 85 S. Ct. 1585, 14 L. Ed. 2d 626 (1965).

Section 111(2) of the Constitution states that the Court of Appeals "shall exercise appellate jurisdiction *as provided by law*." (Emphasis added.) As our Supreme Court noted in *Commonwealth v. Farmer*, "[j]urisdiction is a threshold consideration for any court at any level of the Kentucky court system." 423 S.W.3d 690, 692 (Ky. 2014). As the Court further discussed, "[t]he 'as provided by law' language . . . authorizes the legislature to prescribe the appellate jurisdiction of the Court of Appeals." *Id*. (citations omitted).

In enacting KRS 100.3471, the General Assembly utilized its authority to prescribe this Court's appellate jurisdiction. By stating that an "appeal *shall* be dismissed" if the appellant fails to post the necessary bond within the appropriate time, KRS 100.3471 removes such an appeal from the Court of Appeals' jurisdiction. Stated another way, KRS 100.3471 provides that the Court of Appeals' jurisdiction only encompasses appeals in which the appellant timely posts the required bond. Because Section 111 of the Constitution allows the legislature to define the Court of Appeals' jurisdiction, the General Assembly did not violate the separation of powers in enacting KRS 100.3471. Rather, the General Assembly employed the power given to it by the Constitution.

Nor do we believe that the statute levies a penalty on all prospective appellants that functions to take away their right to appeal under Section 115 of the Constitution. Boone brought a facial challenge to the statute, which is "the most

difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *Harris v. Commonwealth*, 338 S.W.3d 222, 229 (Ky. 2011) (internal quotation marks and citation omitted); *see also Commonwealth v. Bredhold*, 599 S.W.3d 409, 415-16 (Ky. 2020). Here, Boone cannot make such a showing and has neither argued nor shown that it is indigent or otherwise incapable of satisfying the bond requirement. Additionally, the circuit court's finding that some litigants might lose their right to appeal is not enough to meet the standard by which one may establish a facial challenge to a statute. While we note that KRS 100.3471 may be unconstitutional as applied to an indigent appellant, that issue is not before this Court.

Moreover, the statute does not violate the equal protection clauses of the United States or the Kentucky Constitution. "[T]he level of judicial scrutiny applied to an equal protection challenge depends on the classification made in the statute and the interest affected by it." *Zuckerman v. Bevin*, 565 S.W.3d 580, 595 (Ky. 2018) (citation omitted). Statutes that affect economic policy are subject "to a less searching form of judicial scrutiny, *i.e.*[,] the 'rational basis' test." *Id*. (citation omitted). Indeed, "[a] statute complies with Kentucky equal protection requirements if a 'rational basis' supports the classifications that it creates." *Id*. at 596 (citations omitted).

KRS 100.3471 survives such scrutiny, as "there is [a] reasonably conceiv[ed] state of facts that could provide a rational basis for the classification." *Zuckerman*, 565 S.W.3d at 596 (internal quotation marks omitted).  The General Assembly stated the statute's purpose in Section 2 of House Bill 72 as follows:  "to curb unnecessary appeals of land[-]use cases, which appeals burden the courts, cause loss of jobs and loss of tax revenue, and many times render time-sensitive projects such as multifamily affordable housing projects undevelopable[.]"  Ky. Laws ch. 181 (H.B. 11) (eff. Apr. 11, 2017).  Thus, a rational basis existed for KRS 100.3471.

Finally, KRS 100.3471 does not violate the *Noerr-Pennington* doctrine.  The *Noerr-Pennington* doctrine stands for the proposition that "defendants are immune from antitrust liability for engaging in conduct (including litigation) aimed at influencing decision[-]making by the government." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556, 134 S. Ct. 1749, 1757, 188 L. Ed. 2d 816 (2014) (citations omitted).  However, antitrust liability is not the issue in this appeal.  Nor is anyone asserting a cause of action against Boone based on any conduct intended to influence government decision-making.

Appellant further argues that Appellees failed to appeal the circuit court's order that it would not require Boone to post a bond under KRS 100.3471 to perfect its appeal.  However, as stated by our Supreme Court, "[s]ubject matter

-8-

jurisdiction issues are different than other issues because they may be raised at any time, even by the court itself. . . . *They are all the more important when established so clearly by statute*." *Kentucky Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 15 (Ky. 2007) (emphasis added) (citing *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996) (discussing the Court's "inherent power" to raise *sua sponte* the issue of subject matter jurisdiction)).

If a court does not have subject matter jurisdiction, it has "not been given any power to do anything at all in such a case[.]" *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970) (internal quotation marks and citation omitted). Therefore, "[u]tilizing our inherent power to do so," we may review for lack of subject matter jurisdiction even if Appellees failed to appeal from the circuit court's order regarding the statute's constitutionality. *Croslin*, 920 S.W.2d at 48 (citation omitted).

## CONCLUSION

For the foregoing reasons, we reverse the Jessamine Circuit Court's order and remand with instructions to the circuit court to conduct a hearing under KRS 100.3471(3) to determine the amount of the appeal bond and issue findings of fact regarding the appeal bond.

ALL CONCUR.

BRIEFS FOR APPELLANT:

S. Chad Meredith
Matthew F. Kuhn
Brett R. Nolan
Courtney E. Albini
Assistant Attorneys General
Frankfort, Kentucky

BRIEF FOR APPELLEES BOONE
DEVELOPMENT, LLC AND VIA
VITAE DEVELOPMENT, LLC
D/B/A JAMES MONROE HOMES:

Carroll M. Redford, III
Elizabeth C. Woodford
Lexington, Kentucky