RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0543-MR

RAZ, INC.; ANDREA B. PARROTT;
BETH STANTON; DANIEL E. NEWETT;
DANIEL VLIEK; DON MITCHELL;
DONNA MAJOR; EVELYN HELM;
GRETCHEN SHEARER; J. WILLIAMSON;
KATHY CLARK; KIM CARROLL;
KIM COOPER; ROBERT CLARK;
ROBERT WILLMOTT; SUSAN VLIEK;
TERRELL ATWOOD; THORNTON HELM; AND
VIRGINIA BAILEY                                              APPELLANTS


                    APPEAL FROM MERCER CIRCUIT COURT
v.                  HONORABLE DARREN W. PECKLER, JUDGE
                         ACTION NO. 19-CI-00194


MERCER COUNTY FISCAL COURT;
ADAM JOHNSON, CHAIRMAN,
MERCER COUNTY JOINT PLANNING
AND ZONING COMMISSION;
BOBBY UPCHURCH, VICE CHAIRMAN,
MERCER COUNTY JOINT PLANNING AND
ZONING COMMISSION; COMMONWEALTH
OF KENTUCKY, EX REL. DANIEL CAMERON,
ATTORNEY GENERAL; DAARIK GRAY,
MEMBER, MERCER COUNTY JOINT PLANNING
AND ZONING COMMISSION; DENNIS HOLIDAY,

SIXTH DISTRICT MAGISTRATE;
DONNIE WEBB, FOURTH DISTRICT
MAGISTRATE; JACKIE CLAYCOMB, THIRD
DISTRICT MAGISTRATE; JIM MCGLONE,
MEMBER, MERCER COUNTY JOINT PLANNING
AND ZONING COMMISSION; LINDA BARNES;
MERCER COUNTY JOINT PLANNING AND
ZONING COMMISSION; MIKE HARDIN, MEMBER,
MERCER COUNTY JOINT PLANNING AND
ZONING COMMISSION; MILWARD DEDMAN,
JUDGE EXECUTIVE; PAUL BARNES;
RONNIE SIMS, FIRST DISTRICT MAGISTRATE;
TIM DARLAND, SECOND DISTRICT MAGISTRATE;
TOM HARDY, MEMBER, MERCER COUNTY JOINT
PLANNING AND ZONING COMMISSION; AND
WAYNE JACKSON, FIFTH DISTRICT MAGISTRATE          APPELLEES


OPINION AND ORDER
AFFIRMING AND DISMISSING APPEAL

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

CLAYTON, CHIEF JUDGE:  Appellants appeal the Mercer Circuit Court's order

upholding the Mercer Fiscal Court's approval of a zoning map amendment and

order holding that Appellants had waived the enforcement of a deed restriction.

Ultimately, the Mercer Circuit Court dismissed the appeal based on

Appellants' failure to file an appeal bond as required by its order and Kentucky

Revised Statute ("KRS") 100.3471.  Appellants argue that the statute is an

unconstitutional infringement on the separation of powers between the judicial and

-2-

legislative branches, imposes an unconstitutional penalty on the right to appeal, and violates the equal protection clauses of the United States and Kentucky Constitutions.

For the following reasons, we affirm the circuit court's order dismissing the case for failure to post a bond and hereby dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Paul and Linda Barnes granted Kentucky Lodging and Development Company, Inc. (the "Company") an option to purchase real property located in Mercer County, Kentucky, for the purchase price of $60,000. The purchase was contingent upon the property meeting "all requirements . . . of state and federal government agencies." The Company intended to construct a Dollar General Store on the property.

Paul and Linda applied for a map amendment (the "Application") to the Mercer County Joint Planning and Zoning Commission (the "Planning Commission") for rezoning their land from its classification of R-3 to B-3. Appellants objected to the zoning change of the property. Ultimately, the Planning Commission could not reach a consensus and forwarded the Application to the Mercer Fiscal Court (the "Fiscal Court") without a recommendation from the Planning Commission.

On July 9, 2019, the Fiscal Court approved the zoning change of the property. Thereafter, Appellants filed a "Complaint and Petition for Declaration of Right" with the Mercer Circuit Court under KRS 100.347. Such statute allows anyone "aggrieved by any final action of the legislative body of any city . . . relating to a map amendment" to appeal the action to the circuit court of the county where the property is located. *Id.*

Appellants ultimately filed a motion for summary judgment. The circuit court denied the motion, as the court found substantial evidence to support the Fiscal Court's decision and, thus, that the decision was not arbitrary. The circuit court also denied Appellants' motion to alter, amend, or vacate in an order entered on March 18, 2020.

Appellants filed a notice of appeal to this Court on April 13, 2020. On May 12, 2020, Appellees filed a motion requesting that the circuit court set an appeal bond amount under KRS 100.3471, which requires a circuit court, "upon motion of an appellee . . . to [set] an appeal bond[.]" Thereafter, the circuit court held a bond hearing on June 10, 2020. On June 18, 2020, the circuit court entered an order finding that the appeal was not frivolous and, on June 29, 2020, entered an order requiring Appellants to deposit $60,000 as an appeal bond based on the value of the option under the contract with the Company.

On August 4, 2020, Appellees filed a motion arguing that both KRS 100.3471(3)(f) and the circuit court's order required Appellants to post the $60,000 bond within fifteen (15) days of its order, and Appellants had failed to do so. As a result, on September 30, 2020, the circuit court entered an order dismissing the case due to Appellants' failure to post the required bond within the period required by the statute. Appellants thereafter filed a petition for a writ of prohibition with this Court, which this Court denied on April 7, 2021. However, this Court did stay the order dismissing this case and consolidated this appeal with several other appeals challenging the constitutionality of KRS 100.3471.

We will discuss further facts as they become relevant to this Opinion.

## ANALYSIS

As previously discussed, in planning and zoning matters, KRS 100.347 provides for appeals to the circuit court from the final actions of the board of adjustment, the planning commission, or the legislative body of any city, county, or consolidated local government. However, the statute at issue here – KRS 100.3471 – seeks to limit the subsequent appeals of such cases to the Court of Appeals.

To this end, the statute provides for the imposition of a bond on the appellant upon motion by the appellee. KRS 100.3471(1). If a party appeals a circuit court's decision in a planning or zoning matter, the appellee has thirty days

to file a motion for such a bond. KRS 100.3471(2). The circuit court is thereafter required to hold a hearing to set the amount of the bond, the maximum amount of which is based on the circuit court's determination of whether the appeal is presumptively frivolous or not. KRS 100.3471(3).

If the court finds that the appeal is presumptively frivolous, after considering such factors as whether "the appeal is of a ministerial or discretionary decision[,]"and whether or not there exists "a reasoned interpretation supporting the appellant's position[,]" it "shall consider all costs, economic loss, and damages that the appellee may suffer or incur during the pendency of, or that will be caused by, the appeal, including attorney fees and court costs, up to a maximum bond amount of two hundred fifty thousand dollars ($250,000)." KRS 100.3471(3)(b) and (c).

If the court finds that the appeal is not presumptively frivolous, it "shall consider the costs that the appellee may incur during the pendency of the appeal, including but not limited to attorney fees and court costs, plus interest payable on land acquisition or development loans, up to a maximum bond amount of one hundred thousand dollars ($100,000)." KRS 100.3471(3)(d).

Importantly, the statute requires the circuit court to dismiss the appeal if the appellant does not post the bond within fifteen days of the circuit court's determination of the bond amount. KRS 100.3471(3)(f).

Appellants present the following grounds for holding the statute to be unconstitutional: (1) it violates the Kentucky Constitution's separation of powers; (2) it imposes an unconstitutional penalty on the right to appeal found in Section 115 of the Kentucky Constitution; (3) it violates the right to equal protection under the United States Constitution and the Kentucky Constitution; and (4) it constitutes impermissible special legislation.

Regarding Appellants' separation of powers argument, Kentucky Constitution Section 116 vests exclusive jurisdiction in the Supreme Court to prescribe "rules of practice and procedure for the Court of Justice." However, Section 111(2) of the Constitution further states that the Court of Appeals "shall exercise appellate jurisdiction *as provided by law*." (Emphasis added.) As our Supreme Court noted in *Commonwealth v. Farmer*, "[j]urisdiction is a threshold consideration for any court at any level of the Kentucky court system." 423 S.W.3d 690, 692 (Ky. 2014). As the Court further discussed, "[t]he 'as provided by law' language . . . authorizes the legislature to prescribe the appellate jurisdiction of the Court of Appeals." *Id*. (citations omitted).

In enacting KRS 100.3471, the General Assembly utilized its authority to prescribe this Court's appellate jurisdiction. By stating that an "appeal *shall* be dismissed" if the appellant fails to post the necessary bond within the appropriate time, KRS 100.3471 removes such an appeal from the Court of

Appeals' jurisdiction. Stated another way, KRS 100.3471 provides that the Court of Appeals' jurisdiction only encompasses appeals in which the appellant timely posts the required bond. Because Section 111 of the Kentucky Constitution allows the legislature to define the Court of Appeals' jurisdiction, the General Assembly did not violate the separation of powers in enacting KRS 100.3471. Rather, the General Assembly employed the power given to it by the Constitution.

Nor do we believe that the statute levies a penalty on prospective appellants that functions to take away their right to appeal under Section 115 of the Constitution. Appellants have brought a facial challenge to the statute, which is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *Harris v. Commonwealth*, 338 S.W.3d 222, 229 (Ky. 2011) (internal quotation marks and citation omitted); *see also Commonwealth v. Bredhold*, 599 S.W.3d 409, 415-16 (Ky. 2020). Here, Appellants are unable to make such a showing and have neither argued nor shown that they are indigent or otherwise incapable of satisfying the bond requirement.

Finally, the statute does not violate the equal protection clauses of the United States or the Kentucky Constitution. "[T]he level of judicial scrutiny applied to an equal protection challenge depends on the classification made in the statute and the interest affected by it." *Zuckerman v. Bevin*, 565 S.W.3d 580, 595

(Ky. 2018) (citation omitted). Statutes that affect economic policy are subject "to a less searching form of judicial scrutiny, *i.e.*[,] the 'rational basis' test." *Id.* (citation omitted). Indeed, "[a] statute complies with Kentucky equal protection requirements if a 'rational basis' supports the classifications that it creates." *Id.* at 569 (citations omitted).

KRS 100.3471 survives such scrutiny, as "there is [a] reasonably conceiv[ed] state of facts that could provide a rational basis for the classification." *Zuckerman*, 565 S.W.3d at 596 (internal quotation marks omitted). The General Assembly stated the statute's purpose in Section 2 of House Bill 72 as follows: "to curb unnecessary appeals of land[-]use cases, which appeals burden the courts, cause loss of jobs and loss of tax revenue, and many times render time-sensitive projects such as multifamily affordable housing projects undevelopable[.]" Ky. Laws ch. 181 (H.B. 11) (eff. Apr. 11, 2017). Thus, a rational basis existed for KRS 100.3471.

Finally, KRS 100.3471 does not constitute "special legislation" in violation of Section 59 of the Kentucky Constitution, as argued by Appellants. The Kentucky Supreme Court has held that a statute only violates Section 59 if it "applies to a particular individual, object or locale." *Calloway County Sheriff's Department v. Woodall*, 607 S.W.3d 557, 573 (Ky. 2020).

Moreover, even if Appellants had posted a bond with the circuit court under KRS 100.3471, we would still affirm the circuit court because the Fiscal Court made sufficient findings required to grant the zoning change. KRS 100.213(1) requires a fiscal court to make one of the following findings before it approves a zoning change:

    a. That the zoning change is in agreement with the adopted comprehensive plan;

    b. That there have been major changes in the economic, physical, or social nature within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area; or

    c. That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate.

Further, when making "a zoning change, [a fiscal court] must make a finding of adjudicative facts necessary to support the change. These findings must be made from (and supported by) the evidence heard by the Planning Commission[.]" *Manley v. City of Maysville*, 528 S.W.2d 726, 728 (Ky. 1975).

In this case, the Fiscal Court made the required findings under KRS 100.213(1). The Fiscal Court conceded that the zoning classification sought differs from the future land use map within the comprehensive plans. However, the Fiscal Court found that "[t]he existing zoning classification is inappropriate due to several neighboring parcels having a classification of B-3 as commercial business making

-10-

the subject parcel unusable for residential use." Additionally, the Fiscal Court found that "[t]he parcel is no longer appropriate for agricultural or open space due to neighboring parcels being rezoned from R-3 to B-3 and which now house commercial storage which have brought significant commercial and business activity as well as physical changes to the area."

Moreover, such findings were supported by substantial evidence. A zoning decision must be supported by substantial evidence adduced during the hearing. *City of Louisville v. McDonald*, 470 S.W.2d 173, 179 (Ky. 1971). Appellees presented testimony at the public hearing that several neighboring parcels were changed to a B-3 classification in 2014 and 2016. Based on the record developed at the public hearing before the Planning Commission, substantial evidence supports the Fiscal Court's decision changing the zoning classification.

Further, regarding the deed restriction, the circuit court's order of dismissal, order denying the motion to reconsider, and order denying the motion to alter, amend, or vacate are all based on sound principles of law and are supported by the record.

## CONCLUSION

We AFFIRM the circuit court's order and hereby ORDER that this appeal be DISMISSED for lack of jurisdiction because Appellants failed to timely post the bond required under the circuit court's order and KRS 100.3471.

DIXON, JUDGE, CONCURS.

COMBS, JUDGE, CONCURS AND FILES SEPARATE OPINION.

ENTERED:_September 30, 2022___    _____
                                  CHIEF JUDGE, COURT OF APPEALS


COMBS, JUDGE, CONCURRING:  This case presents both a legal and a philosophical conundrum.  Philosophically, it entails an analysis of what are the practical and proper parameters of the constitutional doctrine of separation of powers.  Legally, it compels a careful construction of statutory law *versus* constitutional restraints on legislative enactments.

In essence, the statute at issue in this case, KRS l00.3471, creates a whole new process for cases involving appeals from a zoning entity to a circuit court and ultimately to the Court of Appeals for the purpose of expediting the time involved.  It empowers a circuit court with jurisdiction to determine whether its own decision may be worthy of appeal in arguable disregard of the mandate of

-12-

Section 115 of the Kentucky Constitution: "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court . . . ." By legislatively vesting that additional constitutional jurisdiction in the circuit court, the statute simultaneously divests the constitutionally guaranteed appellate jurisdiction of the Court of Appeals.

Additionally, it authorizes the circuit court to set an appeal bond wholly within its own discretion -- in potential conflict with the explicit mandatory language of Section 115 of the Kentucky Constitution providing: "Procedural rules shall provide for expeditious and inexpensive appeals."

I will not address the pros and cons of the stated legislative purpose of reducing the time entailed in the appeal of zoning matters. Suffice it to note that procedural expediency is potentially elevated above -- and in derogation of -- the right of appeal of litigants and the authority of the judicial branch to separately determine the parameters of its own jurisdiction.

The legislative policy is premised on two provisions.

First is CR[1] 1(2), which provides as follows:

> These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirement of the statute shall prevail over any inconsistent procedures set forth in the Rules.

---

[1] Kentucky Rules of Civil Procedure.

Second is reliance on Section 111(2) of the Kentucky Constitution, which discusses the breadth of the jurisdiction of the Court of Appeals: "**In all other cases** [other than those prescribed by the Supreme Court], it shall exercise appellate jurisdiction **as provided by law**." (Emphasis added.)

It is black-letter law that where a right is statutorily conferred, there must be strict compliance with the statutory provisions governing access to appeals. Zoning entities are indeed statutory in origin. However, many of the property issues underlying disputes entailed in zoning matters or litigation arise from common-law concepts of property rights -- one of the oldest pillars of our legal system. What, then, does the language "as provided by law" intimate, encompass, guarantee, or limit in scope in this area of the law?

Most pertinent (and concerning) of all for our review is the language enunciated by our Supreme Court construing that very phrase as follows: "[t]he 'provided by law' language . . . authorizes the legislature to prescribe the appellate jurisdiction of the Court of Appeals." *Commonwealth v. Farmer*, 423 S.W.3d 690, 692 (Ky. 2014).

The *Farmer* holding appears to be the answer to the case before us, and the majority opinion properly relies upon it -- as we must. Pursuant to SCR[2]

---

[2] Kentucky Rules of Supreme Court.

-14-

1.030(8)(a), we are compelled to follow the precedent of the Supreme Court. For that reason, I am constrained to write a separate concurrence rather than a dissent.

Therefore, I would hope that the Supreme Court will grant discretionary review of this case (if it is sought) and re-examine its holding in *Farmer*. I would ask whether the language "to prescribe" our jurisdiction also encompasses the power "to proscribe" it and thereby to divest us of jurisdiction by transferring our appellate role to a circuit court under the unique circumstances set forth by KRS 100.3471.

With respect to Section 27's division of government powers among the legislative, executive and judicial departments, Section 28 of the Kentucky Constitution expressly admonishes as follows: "No person or collection of persons, being of one of those departments, shall exercise **any power properly belonging to either of the others** . . . ." (Emphasis added.)

This case gives pause and merits a re-examination of the doctrine of separation of powers and what powers properly belong to which branch with regard to KRS 100.3471.

BRIEFS FOR APPELLANTS:

W. Henry Graddy, IV
Dorothy T. Rush
Versailles, Kentucky

ORAL ARGUMENT FOR
APPELLANTS:

W. Henry Graddy, IV
Versailles, Kentucky

BRIEF FOR APPELLEES MERCER
COUNTY FISCAL COURT;
MERCER COUNTY JOINT
PLANNING AND ZONING
COMMISSION; PAUL BARNES;
AND LINDA BARNES:

Whitney Z. Johns
Harrodsburg, Kentucky

David Patrick
Harrodsburg, Kentucky

Stephen A. Dexter
Danville, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, EX REL. DANIEL
CAMERON:

Matthew F. Kuhn
Brett R. Nolan
Courtney E. Albini
Assistant Attorneys General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE MERCER COUNTY
FISCAL COURT:

Whitney Z. Johns
Harrodsburg, Kentucky

ORAL ARGUMENT FOR
APPELLEES PAUL BARNES AND
LINDA BARNES:

Stephen A. Dexter
Danville, Kentucky

ORAL ARGUMENT FOR
COMMONWEALTH OF
KENTUCKY, EX REL. DANIEL
CAMERON:

Brett Nolan
Assistant Attorney General
Frankfort, Kentucky